**DENY; and Opinion Filed November 29, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01422-CV

### IN RE QUINCY BLAKELY, Relator

**Original Proceeding from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F15-18020**

## MEMORANDUM OPINION
Before Justices Bridges, Brown, and Boatright
Opinion by Justice Brown

In this original proceeding, relator seeks a writ of mandamus directing the trial court to (1) issue findings of fact and conclusions of law on the trial court's denial of relator's pretrial application for habeas corpus, (2) produce the affidavit of indigency purportedly received from relator, and (3) provide relator notice of the date scheduled for retrial of the underlying case. We deny the petition.

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of certain documents, including any order complained of, any other document showing the matter

complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1). Relator has not established his right to mandamus relief.

First, he has not shown the trial court violated a ministerial duty. A trial court is not legally required to issue findings of fact and conclusions of law regarding a pretrial application for writ of habeas corpus. *Ex parte Gradney*, No. 02-16-00324-CR, 2017 WL 1352107, at *3 (Tex. App.—Fort Worth Apr. 13, 2017, pet. ref'd) (mem. op.); *Ex parte Falk*, 449 S.W.3d 500, 504 (Tex. App.—Waco 2014, pet. ref'd). As such, the trial court did not violate a ministerial duty by failing to issue findings of fact and conclusions of law here. Further, the mandamus record does not include a certified or sworn copy of the trial court's docket sheet or other proof that establishes relator requested that the trial court produce the affidavit of indigency purportedly received from relator or provide relator notice of the date schedule for retrial of the underlying case, requested a hearing and/or ruling on those issues, and the trial court has failed to act on relator's requests within a reasonable time. TEX. R. APP. P. 52.3(k)(1)(a), 52.7(a). This record is insufficient to establish a violation of a ministerial duty.

Second, relator has an adequate remedy by appeal. Relator's appeal of the trial court's denial of the pretrial habeas application is pending in this Court under cause number 05-18-00909-CR. Relator may assert his complaint regarding the lack of findings of fact and conclusions of law in that appeal.

Relator has not established a violation of a ministerial duty, and relator has an adequate remedy on appeal. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R.

APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Ada Brown/
ADA BROWN
JUSTICE

181422F.P05